UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C L O S E D

DOMINICA SIMS, #533814,

        Petitioner,
v.

Case Number: 07-cv-14417

HON. ANNA DIGGS TAYLOR

SUSAN B. DAVIS,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED INFORMA PAUPERIS ON APPEAL**

    Dominica Sims ("Petitioner"), a Michigan prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that that the state court denied her right to a meaningful allocution, when it failed to ascertain evidence of the causes of her criminal character of conduct. On April 18, 2005, Petitioner pled guilty to conspiracy to commit armed robbery, Mich Comp. L. § 769.8(2), before Judge William G. Shema, in the Ninth Judicial Circuit Court of Michigan. Petitioner's guilty plea was obtained pursuant to plea agreement whereby the prosecutor agreed to dismiss a felony murder charge against Petitioner in exchange for the aforementioned guilty plea. On January 9, 2006, Petitioner was sentenced to a minimum term of fifteen (15) years to a maximum term of thirty (30) years.

    As stated above, Petitioner asserts that the state court denied her right to a meaningful allocution, when it failed to ascertain evidence of the causes of her criminal character of conduct. Respondent argues that the instant petition should be dismissed because there is no federal constitutional right to allocution. It is undisputed, that Petitioner has exhausted all of her state post-conviction remedies and that her habeas petition is properly before this court.

It is well settled that "[t]here is no constitutional right to allocution under the United States Constitution," *Cooey v. Coyle,* 289 F.3d 882, 912 (6th Cir.2002) (quoting *Pasquarille v. United States,* 130 F.3d 1220, 1223 (6th Cir.1997). Further, a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Moreover, the Supreme Court has recognized that "a sentencing judge's failure to ask a defendant if he had anything to say, although a violation of [Federal Rule of Criminal Procedure] 32(a)(1)(C), was not an error of constitutional dimension and could not support a writ of habeas corpus." See *Boardman v. Estelle,* 957 F.2d 1523, 1526 (9th Cir.1992) (citing Hill v. United States, 368 U.S. 424 (1962)), cert. denied, 113 S.Ct. 297 (1962). Hence, it is clear that habeas relief is not warranted.

For the reasons stated, the court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in her petition. Accordingly, the court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

Before Petitioner may appeal this court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. See *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that. . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims." *Miller-El,* 537 U.S. at 336-37.

Having considered the matter, the court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal because any appeal would be frivolous. See Fed. R. App. P. 24(a).

    **IT IS SO ORDERED.**

DATED: January 28, 2010                                **s/Anna Diggs Taylor**
                                                                 ANNA DIGGS TAYLOR
                                                                 UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 28, 2010.

Dominica Sims, #533814
Huron Valley Complex - Women's
3201 Bemis Road
Ypsilanti, MI 48197                             s/Johnetta M. Curry-Williams
                                                             Case Manager